IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICKY LAVON SMITH,           ]
                             ]
        Petitioner,          ]
                             ]
vs.                          ]           CV-06-WMA-RRA-4945-S
                             ]
WARDEN KENNETH R. JONES      ]
and THE ATTORNEY GENERAL     ]
FOR THE STATE OF ALABAMA,    ]
                             ]
        Respondents.         ]

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Ricky L. Smith, was convicted on June 1, 1981, in the Circuit Court of Marshall County, on his plea of guilty to capital murder. He was sentenced to life imprisonment without the possibility of parole. Smith did not appeal the conviction or sentence.

On August 20, 1990, Smith filed a Rule 32 petition in the Marshall County Circuit Court. The trial court denied the petition as barred by the two year statute of limitations set forth in Rule 20.2(c) of the Alabama Rules of Criminal Procedure. On July 24, 1992, the Alabama Court of Criminal Appeals affirmed the denial of the petition.

On September 9, 1993, Smith filed a petition for a writ of habeas corpus in this court, raising five claims. *Smith v. Nagle*, CV-93-B-1885-S. The petition was denied on January 6, 1995.

Smith filed a second Rule 32 petition in state court on November 5, 2001. The trial court summarily dismissed the petition. The Alabama Court of Criminal Appeals affirmed the dismissal

of the petition on February 21, 2003. On May 16, 2003, the Alabama Supreme Court denied Smith's petition for a writ of certiorari and issued a certificate of judgment.

Smith filed a second petition for a writ of habeas corpus in this court on August 15, 2003. *Smith v. Bullard*, CV-03-H-2289-S. The court dismissed the petition on March 16, 2005, finding that the petition was successive, and that Smith had not received permission from the Eleventh Circuit Court of Appeals to file a successive petition.

Smith has now filed a third petition for a writ of habeas corpus in this court, challenging his 1981 murder conviction. Smith makes no claim that he has obtained authorization from the Eleventh Circuit Court of Appeals to file a successive challenge to this conviction.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The clear effect of this provision is to establish a statutory pre-condition to the filing of a "second or successive" habeas petition, requiring the applicant to obtain the authorization of the United States Court of Appeals for the Eleventh Circuit **before** it is filed in the district court. The purpose of the statute is to prevent the filing of successive petitions and to deprive the district court of jurisdiction to consider successive petitions unless and until it has been authorized by the appropriate court of appeals. The new restrictions on successive petitions apply to a successive habeas petition even if the first petition was denied prior to the effective date of the AEDPA. *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997).

It does not appear that Smith has obtained authorization from the Eleventh Circuit Court of Appeals to bring a successive petition before this court. Thus, the petition is due to be DISMISSED pursuant to 28 U.S.C. § 2244(b)(3)(A), which requires a petitioner filing a second or successive petition to obtain an order from the court of appeals, authorizing the district court to consider the petition.[1]

An appropriate order will be entered.

DONE this 3rd day of January, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] If the petitioner obtains the required order allowing him to file a successive petition in this court, he may re-file his petition in this court. The petitioner should note, however, that even if he obtains the necessary permission from the Eleventh Circuit Court of Appeals to file a successive petition, his petition could be barred by the one-year statute of limitations created by the AEDPA.